UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROBERT ALEXANDER,** | Civil Action No. 21-4580 (SDW) |
| **Plaintiff,** | |
| v. | MEMORANDUM OPINION |
| **ESSEX COUNTY CORRECTONAL FACILITY, et al.,** | |
| **Defendants.** | |

**IT APPEARING THAT:**

1. On or about March 9, 2021, Plaintiff, a prisoner confined in the Essex County Correctional Facility, filed his current complaint in which he seeks to raise claims against the two jails, a medical services company, the United States Marshals, the wardens of the jails, and the medical directors of the two jails based on what he believes to have been inadequate medical care and his being subjected to restrictive conditions following the onset of the COVID-19 pandemic. (ECF No. 1). Plaintiff also filed an application to proceed *in forma pauperis* (Document 1 attached to ECF No. 1).

2. Having reviewed Plaintiff's application and determined that leave to proceed without prepayment of fees is warranted, Plaintiff's *in forma pauperis* application is granted.

3. Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

    4. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

    5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in

their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

6. In his complaint, Plaintiff seeks to raise claims against two county jails – the Monmouth County Correctional Facility and the Essex County Correctional facility – in which he is or has been detained. County jails, however, are not proper defendants in a federal civil rights matter – the proper entity subject to suit is instead the county which operates the facility. *Harris v. Hudson Cnty. Jail*, No. 14-6284, 2015 WL 1607703, at *5 (D.N.J. April 8, 2015). Both the Essex County and Monmouth County Correctional Facilities are therefore dismissed from this matter with prejudice.

7. In his remaining claims, Plaintiff asserts that he received inadequate medical care following his developing a tumor which was recently diagnosed. Plaintiff also asserts that he believes his current jail conditions – including limited time out of his cell and vaguely defined restrictions on attorney and visitor entry into the facility – are unlawful. Although Plaintiff names a litany of additional Defendants – the wardens and directors of the jails, a medical service provider for Essex County, the medical directors of both jails, and the United States Marshal Service, he has failed to plead any specific factors connecting these Defendants to any of the claims he asserts.

8. A defendant in a federal civil rights matter may not be held liable based solely on his role as a supervisor, but instead to be held liable under must have had "personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988); *see also Iqbal*, 556 U.S. at 676 (civil rights defendants may not be held liable under *respondeat superior* theory of liability). This generally requires a plaintiff to plead facts showing either the supervisory defendant's "participation [in the alleged wrong], or . . . actual knowledge and acquiescence [in his subordinate's wrongdoing], to be liable." *Tenon v. Dreibelbis*, 606 F. App'x 681, 688 (3d Cir.

2015); *see also Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316-20 (3d Cir. 2014), *rev'd on other grounds*, 135 S. Ct. 2042 (2015).  Plaintiff has pled no facts connecting the remaining Defendants to the allegedly deficient care received or the alleged COVID-related jail restrictions.  As such, he has failed to plead cognizable claims as to the remaining Defendants, and Petitioner's remaining claims are therefore dismissed without prejudice.  Because Plaintiff could potentially plead cognizable claims against these remaining Defendants, Plaintiff shall be granted leave to file an amended complaint within thirty days.

      9.   In conclusion, the Essex County and Monmouth County Correctional facilities are dismissed from this matter with prejudice, and Plaintiff's remaining claims are dismissed without prejudice.  An appropriate order follows.

Dated: March 12, 2021

                                                      *s/Susan D. Wigenton*
                                                      Hon. Susan D. Wigenton,
                                                      United States District Judge