UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT ALEXANDER, | Civil Action No. 21-4580 (SDW) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| ESSEX COUNTY CORRECTONAL FACILITY, et al., | |
| Defendants. | |

IT APPEARING THAT:

1. On or about March 9, 2021, Plaintiff, a prisoner confined in the Essex County Correctional Facility, filed his initial complaint in this matter in which he sought to raise claims against various state and federal actors he believed had provided him with inadequate medical care and subjected him to overly restrictive conditions following the onset of the COVID-19 pandemic. (ECF No. 1). Plaintiff also filed an application to proceed *in forma pauperis* (Document 1 attached to ECF No. 1).

2. On March 12, 2021, this Court granted Plaintiff's *in forma pauperis* application, screened his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and dismissed the complaint without prejudice as Plaintiff sought claims against two jails which were not proper defendants in a civil rights matter and had otherwise failed to plead facts indicating the personal involvement of any of the other named Defendants. (ECF Nos. 2-3). Plaintiff was granted leave to file an amended complaint within thirty days.

3. On March 30, 2021, Plaintiff filed his amended complaint. In that complaint, Plaintiff once again seeks to hold various supervisory jail and medical officials, Monmouth and Essex Counties, a corporation which provides medical services to the jails operated by those counties,

1

and the United States Marshals service responsible for alleged deficiencies in Plaintiff's medical treatment.  (ECF No. 4).  Plaintiff specifically pled that, while detained in Philadelphia, he was found to have a brain tumor, and the Marshals failed to advise the Monmouth County jail's medical staff of that issue when they transferred him to that jail.  (*Id.* at 3-4).  The jail's medical staff thereafter failed to properly treat the tumor, resulting in Plaintiff becoming severely ill.  (*Id.*).  The Marshals thereafter transferred Plaintiff to the Essex County jail, where Plaintiff alleges he was once again denied treatment for his brain tumor until such time as his family convinced the jail's medical staff to retrieve his hospital records related to the tumor.  (*Id.* at 3-5).  Plaintiff again takes issue with various COVID-19 related restrictions which he believes have violated his rights.  (*Id.*).

4. Because Plaintiff has previously been granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*  "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

5. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

6. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

7. In his amended complaint, Plaintiff asserts that he received inadequate medical care following his developing a tumor which was recently diagnosed. Plaintiff also asserts that he believes his current jail conditions – including limited time out of his cell, restricted access to outside clergymen, and vaguely defined restrictions on attorney and visitor entry into his current jail – are unlawful. Although Plaintiff names a number of Defendants he believes responsible for these issues – Essex and Monmouth Counties, the wardens and directors of the jails operated by

these counties, the company which provides medical services for the jails, , the medical directors of both jails, and the United States Marshals Service, he has failed to plead any specific factors connecting these Defendants to any of the claims he asserts, instead relying on vague allegations as to the failings of undefined "medical staff," or assertions that the Marshals were "made aware" of his treatment at the jail and did not take corrective action. Plaintiff likewise fails to identify which Defendants are responsible for adopting the COVID-19 policies he seeks to challenge or how those policies were adopted.

8. A defendant in a federal civil rights matter may not be held liable based solely on his role as a supervisor, but instead must have had "personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988); *see also Iqbal*, 556 U.S. at 676 (civil rights defendants may not be held liable under *respondeat superior* theory of liability). This generally requires a plaintiff to plead facts showing either the supervisory defendant's "participation [in the alleged wrong], or . . . actual knowledge and acquiescence [in his subordinate's wrongdoing], to be liable." *Tenon v. Dreibelbis*, 606 F. App'x 681, 688 (3d Cir. 2015); *see also Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316-20 (3d Cir. 2014), *rev'd on other grounds*, 135 S. Ct. 2042 (2015). In the case of a municipal defendant or outside contractor, such as Defendants Essex and Monmouth County and CFG Medical Services, a plaintiff must instead plead that the municipality or contractor adopted a policy, practice, or custom which was ultimately responsible for the alleged violation. *See, e.g., Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978). A municipal or corporate policy, practice, or custom must therefore be the "moving force" behind the alleged constitutional violation for a plaintiff to successfully plead a plausible claim for relief as to such a defendant. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *see also Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 35-36 (2010).

9. Here, Plaintiff fails to allege facts indicating that any of the named Defendants, all of whom are either supervisors, municipalities, federal agencies, or corporate contractors, were personally involved in the alleged denials of his medical treatment. He has not identified any policy, practice, or custom which was adopted by any named Defendant which was responsible for his alleged mistreatment, nor has he pled facts which could show that any named Defendant either directly participated in the alleged wrongs or acted with knowledge and acquiescence to those wrongs.[1] Plaintiff has therefore failed to plead sufficient facts to permit an inference of personal involvement as to any of the named Defendants, and his amended complaint is dismissed without prejudice.

10. In conclusion, Plaintiff's amended complaint is dismissed without prejudice. An appropriate order follows.

Dated: April 16, 2021

_s/Susan D. Wigenton_
Hon. Susan D. Wigenton,
United States District Judge

---

[1] The only named Defendant about whom Plaintiff pleads any appreciable quantity of specific facts is the United States Marshals Service. The Marshals Service, however, is a federal agency, and is therefore both not a "person" subject to liability in a federal civil rights mater, and the Service is otherwise entitled to sovereign immunity. *See, e.g., Hindes v. F.D.I.C.*, 137 F.3d 148, 158-59 (3d Cir. 1998) (federal governmental entities are not "persons" subject to suit in a federal civil rights matter); *see also Gary v. Gardner*, 445 F. App'x 466-67 (3d Cir. 2011) ("the United States Marshals Service is entitled to sovereign immunity from suit" absent an explicit waiver of sovereign immunity). Plaintiff's claims against the Marshals Service would warrant dismissal even assuming he had pled sufficient facts against the Marshals.