1

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ROBERT ALEXANDER

    Plaintiff

CIVIL ACTION COMPLAINT

1st, 5th, 6th, 8th, 9th, 13th, 14th, Amendment

Agencies named a defendant under 5 U.S.C § 702

Jury Trial Requested

## AMENDMENT TO:

## CIVIL ACTION No. 21-4580 (SDW)

-Against-

COUNTY OF ESSEX

COUNTY OF MONMOUTH

UNITED STATES MARSHALL SERVICE

CFG MEDICAL SERVICES AT ESSEX COUNTY CORRECTIONAL FACILITY

GUY CIRELLO, WARDEN OF ESSEX COUNTY CORRECTIONAL FACILITY

ALFONZO ORTIZ, DIRECTOR OF ESSEX COUNTY CORRECTIONAL FACILITY

MEDICAL DIRECTOR OF ESSEX COUNTY CORRECTIONAL FACILITY

WARDEN OF MONMOUTH COUNTY CORRECTIONAL FACILITY

DIRECTOR OF MONMOUTH COUNTY CORRECTIONAL FACILITY

CFG MEDICAL SERVICES AT MONMOUTH COUNTY CORRECTIONAL FACILITY

MEDICAL DIRECTOR OF MONMOUTH COUNTY CORRECTIONAL FACILITY

                                   Defendants

2021 APR 29  P 4: 46

U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
CLERK
RECEIVED

2

**Parties in this complaint:**

<u>Plaintiff</u>

>ROBERT ALEXANDER 207584483
>ESSEX COUNTY CORRECTIONAL FACILITY
>354 DOREMUS AVENUE
>NEWARK, NJ 07105

**<u>List all defendants:</u>**

Defendant No. 1    COUNTY OF ESSEX

Defendant No. 2    County of Monmouth

Defendant No. 3    United States Marshall Service

Defendant No. 4    Guy Cirello, Warden of Essex County Correctional Facility
>354 Doremus Avenue
>Newark, NJ 07105

Defendant No. 5    Alfonzo Ortiz, Director of Essex County Correctional Facility
>354 Doremus Avenue
>Newark, NJ 07105

Defendant No. 6    Medical Director of Essex County Correctional Facility
>354 Doremus Avenue
>Newark, NJ 07105

Defendant No. 7    CFG Medical Services at Essex County Correctional Facility
>765 East Route 70
>Building A-1101
>Marlton, NJ 08053

Defendant No. 8    Donald Sutton, Warden of Monmouth County Correctional Facility
>1 Waterworks Road
>Freehold, NJ 07728

Defendant No. 9    Director of Monmouth County Correctional Facility
>1 Waterworks Road
>Freehold, NJ 07728

Defendant No. 10    Medical Director at Monmouth County Correctional Facility
>1 Waterworks Road
>Freehold, NJ 07728

Defendant No. 11    CFG Medical Services at Monmouth County Correctional Facility
>765 East Route 70

Building A-1101
Marlton, NJ 08053

**Basis for Jurisdiction:**

<u>Federal Question</u>

1st, 5th, 6th, 8th, 9th, 13th, 14th, Amendment rights related to prison conditions, medical treatment, Agencies named a defendant under 5 U.S.C § 702 "United States Marshall Service"

**Statement of Claim (s):**

<u>Where the events giving rise to claim (s) occur:</u>

FDC Philadelphia
Monmouth County Correctional Facility
Essex County Correctional Facility

<u>Approximate dates and times of events giving rise to claim (s) occur:</u>

January 20, 2020 til present

**Facts:**    Plaintiff was housed at FDC Philadelphia awaiting trial for Obstruction of Justice charges.

Several days after being house at FDC Philadelphia Plaintiff was transported by emergency medical

service to Jefferson University Hospital after losing consciousness. After being evaluated, a brain tumor

was discovered to be causing extremely elevated high blood pressure and the loss of consciousness to

the plaintiff, at that time the hospital contacted several neurologist, and had one flew in to examine the

plaintiff that also instituted a plan of care, and medications for the plaintiff.  The plaintiff was discharged

from the hospital and the United States Marshall Service transported the plaintiff back to FDC

Philadelphia, with all the accompanying medical records from Jefferson University Hospital.

The United States Marshall Service, and FDC Philadelphia had copies of the prescribe plan of care along

with all medication prescriptions.  Several days later the United States Marshall Service transferred the

plaintiff to the Monmouth County Correctional Facility to be housed awaiting trial. During the intake

process at Monmouth County Correctional Facility the plaintiff informed the medical staff of his brain

tumor, plan of care and medications that he was prescribed, the medical staff informed the plaintiff that

no medication was given to them by the United States Marshall Service or FDC Philadelphia or any

medical records stating any care that the plaintiff should receive.  The United States Marshall Service

was contacted numerous time by the plaintiff's family and requested to forward the medical records,

which they never done. United States Marshall Service was made aware of the issues numerous times,

and complaints were made, not only did the United States Marshall Service have knowledge and

acquiescence of the wrong doings, they participated in the violations.

 Later the medical staff "nurse Jane Doe" informed the plaintiff that they contacted the United States

Marshall Service to request medical records and did not receive anything stating the claims that plaintiff

made about the tumor or treatment, and it was noted in the medical system that they didn't believe the

plaintiff to be truthful. Several days later the plaintiff was transported to the federal courthouse in

Trenton NJ for a conference; while at the Courthouse the plaintiff again loss consciousness and had to

be taken by emergency medical transport to Trenton Hospital, with extremely high blood pressure, after

treatment the Monmouth County Correctional Officers transported him back to Monmouth County

Correctional Facility.

 After arriving at Monmouth County Correctional Facility the nurses "Jane Doe" and medical staff in a

total disregard for plaintiffs health and wellbeing and noting that plaintiff was semi-conscious with

blurred vision unable to see, and unable to walk was wheeled in a wheel chair to the infirmary and

dumped partly on a bed and on the floor while vomiting, the plaintiff unable to move was left lying in his

own vomit and urine for a couple of days. Finally after being able to move and walk plaintiff was able to

contact his family who in turn contacted the United States Marshall Service and informed them of what

was going at Monmouth County Correctional Facility concerning the plaintiff's medical records and him

not being treated for the brain tumor on numerous occasions

Repeatedly the plaintiff and his family complained to medical staff, CFG medical systems, and the

warden, Numerous messages were left for the warden and director about the medical treatment that

the plaintiff was receiving and on several occasions his family spoke with the warden and the medical

director without anything being done to get the plaintiff the medical treatment he needed. Showing that

these individual had actual knowledge and acquiescence in the wrong doings for several months while

the plaintiff suffered from the effects of the brain tumor going untreated "the deterioration of vision,

headaches, dizziness, nosebleeds", clearly showing that the

 Monmouth County Correctional Facility showed a blatant disregard for the plaintiff's well-being

because a policy was instituted, because of the pandemic, and they would not take inmates to see

outside specialist knowing that the plaintiff required a neurologist to evaluate the growth of the tumor

as well as and other specialist, and MRI's monitoring the tumor in order to institute changes to the plan

of care as necessary after the continued deterioration of his condition. Because a policy was instituted

by CFG medical system, the sheriff and warden of the Monmouth County Correctional Facility not to

take inmates to outside medical specialist because of the pandemic the plaintiff was left to the effects of

an out of control tumor growing without treatment. Finally after several months and complaints from

plaintiff's family and numerous phone calls begging the Monmouth County Correctional Facility to

request the plaintiffs medical records from Jefferson University Hospital they acknowledged the

plaintiff's brain tumor after plaintiff became very sick with extremely elevated blood pressure

uncontrolled by blood pressure medication. The medical staff nurse "Jane Doe" even noted that the

plaintiff see a psychologist because they believed this tumor was made up in his mind and didn't exist,

when a simple request for medical records could have been made to obtain the medical records. After

several months medication "one pill" for the tumor was given to plaintiff for the tumor, and Monmouth

County Correctional Facility said that they would start the plan of treatment, which never happened, because of the pandemic and the policy in place not to take inmates to outside facilities. The plaintiff went without the required treatment for the remainder of his time there. In March of 2020 the Monmouth County Correctional Facility posted a memo stating that the warden, sheriff, and director had instituted a policy to suspend all visitors from the institution including no attorney visits, no clergy or religious services, no family visits, also implemented were 23hr. 45 minutes a day lockdowns sometimes not coming out for days at a time to shower or use the phones.  During that time they stopped sending fresh drinking water plaintiff was only allowed the water from the sink in the cell that the pressure was so low that you could barely get enough to drink, the food was served cold, the mail was suspended, all of this was policies that the Monmouth County Correctional Facility instituted with total disregard for the plaintiff's Constitutional Rights.

Then on September 8th 2020 the plaintiff was transferred to the Essex County Correctional Facility under the orders of the United States Marshall Service. After arriving at the Essex County Correctional Facility the plaintiff went through the intake procedures and again, none of the plaintiff's medical records or medications were sent with him by the Monmouth County Correctional Facility. During the intake process normally the inmates are given jail issued clothing (t-shirts, underwear, socks, and a jumper) but the plaintiff was informed that they did not have his sizes and that it would have to picked up from a warehouse the plaintiff was not given any clothing items no underclothes or even an inmate jumper or anything else, plaintiff was only allowed to keep the underwear that he arrived with.  The entire staff was completely aware of this policy, that when larger inmates were detained that there were no clothing to fit them and advised them to put the jumper on and pull it up as high as it could go, with a statement being made saying "this is jail". The plaintiff was housed in the infirmary because of his high blood pressure, the conditions there was that the temperature was kept extremely low, "freezing conditions" especially because the plaintiff didn't have clothing like every other detainee  because of the

belief that cold could slow or stop the spread of germs and COVID-19. The plaintiff tried to inform the

medical staff of his medical conditions, medications, and treatment plan and again theses complaint fell

on death ears. The plaintiff contacted his family who in turn contacted the Essex County Correctional

Facility left messages for the warden, director, and medical director, CFG Systems, and medical staff to

complain of the plaintiff's medical conditions, and all of these complaints went un- answered for months

while the plaintiff's health continued to deteriorate "vision blur, headaches, and nosebleeds being more

consistent" all of this because the plaintiff was not being treated for the tumor,  Because policies

implemented and adopted did not allow inmates to be transported to outside facilities during the

COVID-19 pandemic. The plaintiff submitted numerous grievances complaining that he was not giving

clothing like every other detainee, even the commissary did not have the plaintiffs sizes in clothing

because a policy was instituted to not keep the large sizes in stock because so few needed them and the

fact that because of this he could not keep up with required safe hygiene especially during the

pandemic, again the plaintiff's family made numerous calls to the warden, director to supply him with

clothing even stating that they would supply or pay for the items needed, without any resolve and a

serious disregard for the plaintiff's rights and health.  The warden, director, director of medical and CFG

medical systems of Essex County Correctional Facility were all made aware of the issues showing

knowledge and acquiescence in the wrong doings because policies have been adopted that violated

plaintiff's constitutional rights. Currently at this time the plaintiff has approximately 10-15 un-answered

grievances in the electronic system. Further the plaintiff requires a specialized shoe for a medical

condition this was acknowledged by the medical staff, but a policy was instituted that Essex County

Correctional Facility would not supply orthopedic shoes, even with them knowing that the plaintiff

would be suffering with severe pain without the required shoe. In March of 2020 the Essex County

Correctional Facility posted a memo from the warden, and director and other administration stating a

policy being instituted policy to suspend all visitors from the institution including no attorney visits, no

clergy or religious services, no family visits, also implemented were 23hr. 45 minutes a day lockdowns

sometimes not coming out for days at a time to shower or use the phones.  During that time the inmates

were not allowed to get fresh drinking water with the city having an issue with its tap water and was

only allowed the water from the sink in the cell that was contaminated, the food was served cold, the

portion were very small.

During the Covid-19 pandemic, the plaintiff has been detained at the Essex County Correctional Facility

which is ran by the County of Essex, and the Monmouth County Correctional Facility that is run by the

County of Monmouth both of these institutions had implemented and adopted policies that have

violated rights protected by the constitution. During time of these violations, the plaintiff followed the

administrative remedies policy and chain of command by utilizing the inmate request and grievance

systems, and beyond with letters and phone calls from family members, all individuals named were

made aware of these issues, but showed no regard and even adopted policies to perpetuate these

violations since March 2020. These procedures, adopted policies, and neglect

have created a clear violations of:

US Constitutional Amendment 1/1 Religious Freedom

US Constitutional Amendment 6 Procedural and Substantive, Due Process and Just

Compensation

US Constitutional Amendment 8 Cruel and Unusual Punishment

US Constitutional Amendment 14 Privileges and Immunities, Due Process and Equal Protection

These conditions include:  23 hours 45 minutes locked in a cell only coming out for 15 minutes a days to

use the phone or shower, no family visits or contact (causing loss of family relationships), no attorney

visits, no access to clergy or religious services, and extremely limited access to medical care, constant

150db announcements on prison PA system all night (sleep deprivation),  lights are left on all night

9

disturbing sleep cycles and depriving sleep (constant illumination that cause grave sleeping problems

and other mental and psychological problems), cold food being served, no access to clean drinking

water.

**Injuries:**

The plaintiff suffers from nosebleeds, constant headaches, and blurred vision with continued

deterioration, extreme pain in his feet back and knees reduced mobility, and flexibility, depression,

feelings of hopelessness, anxiety, PTSD.


**Relief:**

Monetary in the amount of not less than $50,000,000.00 (Fifty Million Dollars)


I declare under penalty of perjury that the foregoing is true and correct.

Signed this  _2 /_  day of  _April_  2021



                    Robert Alexander 207584483
                    354 Doremus Avenue
                    Newark, NJ 07105


                    Signature of Plaintiff



Please allow for further amendments to be made as further defendants are identified.

Robert Alexander 207584483
354 Doremus Ave.
Newark, NJ 07105

DV DANIELS NJ

26 APR 2021



CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2021 APR 29 P 9:46

Clerk
United States District Court
50 Walnut Street
Newark, NJ 07101

LEGAL MAIL          07102-359599